**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

IRVING PACHECO,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
SF-1221-17-0365-W-1

DATE:  May 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Tierney, Esquire, Norwalk, Connecticut, for the appellant.

Jeffrey J. Velasco, San Francisco, California, for the agency.

Remy N. Savin, Irving, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action appeal. On petition for review, the appellant argues that the administrative judge erred in finding that his disclosures were not protected, he did not engage in protected

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

activity, and his first-, second-, and third-line supervisors lacked knowledge of his disclosures. Petition for Review (PFR) File, Tab 1 at 8-16.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct standard for determining whether the agency's handbook was a "rule" for the purposes of 5 U.S.C. § 2302(b)(8), clarify the reason the appellant's November 2015 memo was not protected, and supplement the administrative judge's findings as to the retroactivity of the National Defense Authorization Act for Fiscal Year 2018 (NDAA) amendment to 5 U.S.C. § 2302(b)(9)(C),[2] we AFFIRM the initial decision.

On review, the appellant argues that the administrative judge applied the wrong standard in determining whether the handbook was a law, rule, or regulation for the purposes of 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 9. We agree. The administrative judge relied on the standard for analyzing whether an agency regulation has the force of law, and thus an appellant's disclosure is exempted from protection as "specifically prohibited by law." *See* Initial Appeal File (IAF), Tab 46, Initial Decision (ID) at 14-15 & n.15 (applying *Parikh v.*

---

[2] Pub. L. No. 115-91, § 1097(c)(1)(A), 131 Stat. 1283, 1618 (2017).

*Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶¶ 24, 29-30 (2011) (analyzing whether the agency's handbook was a law such that the appellant's violation of it in making his disclosures excluded them from protection under the Federal whistleblower protection statutes)); *see also* 5 U.S.C. § 2302(b)(8)(A). There is no contention that the appellant's disclosures were otherwise prohibited by law. Further, to construe the appellant's disclosures of purported handbook violations as protected only if the handbook has the force of law—i.e., is a statute or substantive regulation—renders the term "rule," as provided under section 2302(b)(8)(A)(i), superfluous.[3] *See Department of Homeland Security v. MacLean*, 574 U.S. 383, 389-93 (2015) (applying canons of statutory construction to conclude that Congress intended for the term "law" to have a meaning distinct from the term "rule" or "regulation" under 5 U.S.C. § 2302(b)(8)(A)). The Board has defined a rule as "an established and authoritative standard or principle; a general norm mandating or guiding conduct or action in a given type of situation." *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 16 (2002) (quoting Black's Law Dictionary 1330 (7th ed. 1999)). To determine whether the agency's handbook was a rule for the purposes of section 2302(b)(8), the Board must substantively review the handbook.

Here, the appellant has not provided sufficient information to conclude that, if made, he disclosed a violation of "law, rule, or regulation." As the administrative judge concluded, and the appellant does not dispute, the handbook was not entered into the record. ID at 14 n.15. Beyond referencing his November 8, 2015 memo, in which he quotes a few excerpts of the handbook, IAF, Tab 9 at 11, the appellant has not identified any evidence in the record that reveals the content and purpose of the handbook, or the authority pursuant to which it was created. Accordingly, despite the administrative judge's error, we

---

[3] A protected disclosure is a disclosure of information that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A).

nevertheless agree that the appellant did not prove that the handbook was a law, rule, or regulation for the purposes of section 2302(b)(8), and we find that the appellant's arguments do not provide a basis for review. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant further argues, only generally, that the administrative judge erred in finding that his November 2015 memo did not contain a protected disclosure. PFR File, Tab 1 at 9-10. The administrative judge determined that the appellant's disclosures amounted to a policy disagreement as to how Supervisory Behavior Detection Officers (SBDOs) should be deployed at Los Angeles International Airport. ID at 15. She reasoned that a disinterested observer with 1 month of experience in the department, like the appellant, would not reasonably conclude the SBDOs were failing to conduct the necessary behavioral detection activities. *Id*. However, the record reflects that, at the time the appellant drafted this memo, he had worked in the same department since his appointment in April 2015. IAF, Tab 4 at 218, 223. Nevertheless, the appellant was a probationer at the time, with only 3 months of experience in his position as a Behavior Detection Officer (BDO), a position that was materially different than his prior Transportation Security Officer position. ID at 6-7; IAF, Tab 4 at 223, Tab 9 at 11. On review, the appellant argues that he was trained in BDO detection, but he does not explain the basis for his conclusion that SBDOs were not adequately performing their duties. PFR File, Tab 1 at 6, 9-10. Accordingly, despite the administrative judge's error in calculating the appellant's length of service in his BDO position, we nevertheless agree that it was not reasonable for him to believe that he was disclosing any other wrongdoing by SBDOs in his November 2015 memo. *See Panter*, 22 M.S.P.R. at 282.

Finally, the appellant disputes the administrative judge's finding that he did not prove that his disclosures to the agency's Office of Inspections (OOI) were

protected under 5 U.S.C. § 2302(b)(9)(C). PFR File, Tab 1 at 13. In analyzing this issue, the administrative judge recognized that the NDAA amended section 2302(b)(9)(C) to include "cooperating with or disclosing information to . . . any . . . [agency] component responsible for internal investigation or review" as protected activity. ID at 23-24 n.21. Without addressing whether OOI constituted such a component, the administrative judge found that the NDAA amendment was inapplicable because it was not retroactive. *Id*. We agree. After the initial decision's issuance, the Board issued a decision finding that the NDAA amendment to section 2302(b)(9)(C) was not retroactive. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Accordingly, we affirm the administrative judge's finding as to the applicability of the NDAA.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.